**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Susan Dobrzeniecki, | ) | |
| Thomas Dobrzeniecki Sr., | ) | |
| | ) | Civil Action No. 11-cv-07956 |
| Plaintiffs, | ) | |
| v. | ) | Hon. James F. Holderman |
| | ) | |
| Rebecca Vela Salisbury, | ) | |
| James Vela, | ) | |
| Robert Grossman, | ) | |
| Timothy Holevis, | ) | |
| Christopher Mueller, | ) | |
| Village of Sauk Village, | ) | |
| St. James Hospital, | ) | |
| Dr. Heather Brown | ) | |
| Dr. Joseph R. Yates, | ) | |
| John Doe (Security Guard), and | ) | |
| John Doe Security Company, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' AMENDED RESPONSE
TO MOTION FOR A QUALIFIED PROTECTIVE ORDER**

Plaintiff Susan Dobrzeniecki does not object to a qualified protective order in this case, but she does object to the current form of the order presented by St. James Hospital ("St. James"). (Dkt No 49-1).

1. In summer 2011, Plaintiff Susan Dobrzeniecki obtained a set of her medical records from Riveredge Hospital, the psychiatric hospital to which St. James Hospital sent Ms. Dobrzeniecki without her consent on November 10, 2010.

2. On or about March 27, 2012, Ms. Dobrzeniecki's counsel informed St. James' counsel that she would willingly provide a copy of the Riveredge medical records as part of her Rule 26 Disclosures, after the Court ruled on the currently-pending motions to dismiss.

3. At that time, St. James' counsel indicated that a copy of the Riveredge medical records from Ms. Dobrzeniecki was not sufficient and that St. James would have to subpoena its own set of the records. While that seemed to be an inefficient use of the discovery process, Ms. Dobrzeniecki's counsel indicated: (1) that she would not oppose such a subpoena provided a proper HIPAA Protective Order was put in place; and (2) that the process should probably await the Court's rulings on pending motions to dismiss.

4. On April 3, 2012, St. James filed its motion for protective order and proposed order. A copy of the proposed order had never been previously provided to Plaintiff Dobrzeniecki or her counsel for review or comment.

5. Having now reviewed St. James' proposed protective order, Ms. Dobrzeniecki objects on the following grounds:

    a. Paragraph 4 of the proposed order allows for a broad scope of people to have unfettered access to Mrs. Dobrzeniecki's medical records, including but not limited to "the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants …" The scope of people covered by the order is overly broad because of the sensitive nature of Mrs. Dobrzeniecki's mental health records and the lack of any requirement that the recipients of those records be bound by the protective order.

    b. Paragraph 5 of the proposed order dilutes the requirement that Defendants in the litigation have to destroy all copies of Mrs. Dobrzeniecki's medical records at the close of the litigation against them.

Ms. Dobrzeniecki is concerned about the widespread dissemination of her mental health records, particularly in light of the ongoing animosity between her and the Sauk Village police officer defendants.

6. On April 6, 2012, in an effort to address these concerns without the Court's intervention, Ms. Dobrzeniecki's counsel sent St. James' counsel a red-line to the proposed protective order, a copy of which is attached as Exhibit 1.

7. On April 9, 2012, St. James rejected Ms. Dobrzeniecki's proposed changes.

8. Ms. Dobrzeniecki's proposed changes are not substantial but are necessary: (a) to ensure that all persons who receive the records agree to be bound by the protective order; and (b) to maintain the confidentiality of Ms. Dobrzeniecki's medical information at the close of this litigation.

For the reasons stated, Ms. Dobrzeniecki requests that the Court enter the order proposed by St. James, but with the changes Ms. Dobrzeniecki has proposed in paragraphs 4 and 5. (The requested change to paragraph 6 is withdrawn.)

Dated: April 10, 2012

SUSAN DOBRZENIECKI
THOMAS DOBRZENIECKI SR.

By: /s/ Stuart J. Chanen
One of Their Attorneys

Stuart J. Chanen
Henry Turner, Jr.
VALOREM LAW GROUP LLC
35 East Wacker Drive, Suite 3000
Chicago, IL 60601
(312) 676-5460 (Telephone)
(312) 676-5499 (Facsimile)
stuart.Chanen@valoremlaw.com
hank.turner@valoremlaw.com

## CERTIFICATE OF SERVICE

I, Henry Turner, an attorney, certify a copy of this brief was filed electronically on April 10, 2012. A copy of this Response will be sent to all counsel of record.

/s/ Henry E. Turner
Henry E. Turner
VALOREM LAW GROUP, LLC
35 E. Wacker Drive, Ste. 3000
Chicago, IL 60601
One of Plaintiffs' Attorney