IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN DOBRZENIECKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 11 C 7956 |
| HEIDI BROWN and ST. JAMES ) | |
| HOSPITAL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER

JAMES F. HOLDERMAN, District Judge:

    For the reasons stated below, defendant St. James Hospital's "motion to dismiss for lack of jurisdiction" [274] and defendant Heidi Brown's "motion to adopt and join co-defendant St. James Hospital's motion to dismiss pursuant [sic] for lack of supplemental jurisdiction" [276] are both granted. Plaintiff Susan Dobrzeniecki's remaining Illinois state law claim is dismissed pursuant to 28 U.S.C. § 1367(c) with leave to refile in Illinois state court. Civil case terminated.

STATEMENT

    On November 8, 2011, Susan Dobrzeniecki ("Dobrzeniecki") and her now-deceased husband, Thomas Dobrzeniecki, Sr., filed this lawsuit against several Sauk Village police officers, St. James Hospital, two St. James Hospital security guards, and several St. James Hospital emergency room doctors. (Dkt. No. 1.) Dobrzeniecki has amended her complaint four times and this court has issued three written opinions: two on Defendants' motions to dismiss (Dkt. Nos. 60, 98) and a third on Defendants' motions for summary judgment (Dkt. No. 251). Following the court's most recent ruling on Defendants' motions for summary judgment, Dobrzeniecki's remaining claims were as follows: two claims brought under 42 U.S.C. § 1983 against Sauk Village Acting Chief of Police Rebecca Vela-Sailsbery for illegal seizure of Dobrzeniecki's person, her purse, and her keys (Counts I and II); a § 1983 claim against Vela-Sailsbery and three other Sauk Village police officers for illegal entry into and search of the Dobrzenieckis' home (Count III); and an Illinois state law claim for medical malpractice against St. James Hospital ("St. James") and one of its emergency room doctors, Heidi Brown ("Dr. Brown") (Count VI). (*See* Dkt. No. 251 at 1-2, 21.)

    On January 22, 2015, Dobrzeniecki and the Sauk Village Defendants[1] reached a settlement on Counts I, II, and III—Dobrzeniecki's only remaining federal claims—and subsequently filed stipulations of dismissal with regard to Counts I, II, and III, (Dkt. Nos. 279, 280), consistent with the terms of their settlement agreement. Accordingly, the only claim

---

[1]   For purposes of this Order, the "Sauk Village Defendants" include Vela-Sailsbery and the three Sauk Village police officers named as defendants in Count III: Officers Robert Grossman, Timothy Holevis, and Christopher Mueller.

remaining in this case is an Illinois state law claim for medical malpractice (Count VI) against defendants St. James and Dr. Brown. Both St. James and Dr. Brown have filed motions to dismiss for lack of supplemental jurisdiction, (Dkt. Nos. 274, 276), which are now before the court and opposed by Dobrzeniecki (Dkt. No. 278).

As Dobrzeniecki correctly stated in her response to the motions, this court does not, as Defendants assert, "lack" supplemental jurisdiction. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), grants federal district courts supplemental jurisdiction over state law claims, such as over Dobrzeniecki's Illinois medical malpractice claim, when such state law claims are "derive[d] from a common nucleus of operative fact" as federal claims. *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 725 (1966). In this case, with the federal claims now settled and dismissed, the court has discretion to decline and does decline to exercise supplemental jurisdiction over Dobrzeniecki's medical malpractice claim.

Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims." *Williams* v. *Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). There are three exceptions to the general rule of relinquishing jurisdiction: "[1] when the [refiling] of the state claims is barred by the statute of limitations; [2] where substantial judicial resources have already been expended on the state law claims; and [3] when it is clearly apparent how the state claim is to be decided." *Id.*

Dobrzeniecki concedes that the only exception potentially present here is the court's previous expenditure of judicial resources on this case. The court has indeed ruled on several motions and overseen discovery in this case with the good work of Magistrate Judge Jeffrey T. Gilbert. Most of the court's time and effort, however, have been directed to resolving the federal claims in the litigation. As the parties stated at the status conference on January 22, 2015, there remains a significant amount of expert discovery to be conducted in relation to the medical malpractice claim. St. James anticipates retaining at least three experts and Dr. Brown, on January 22, 2015, could not even estimate the number of experts she would seek to retain. Moreover, Dobrzeniecki may seek to introduce an additional expert given her failure to provide an expert's opinion concerning the proximate cause of her "grievous pain and suffering." (Dkt. No. 178 ¶ 75.) In light of the significant expert discovery yet to be completed in this case and the fact that the Illinois courts are highly experienced at addressing medical malpractice claims arising under Illinois law, the court finds that Dobrzeniecki has not overcome the presumption that pendent claims should be left to the state courts when all federal claims are dismissed before trial.

Accordingly, for the reasons explained above, the court declines to exercise supplemental jurisdiction over Dobrzeniecki's medical malpractice claim against St. James and Dr. Brown, which is the only remaining claim in this case. Count VI is dismissed, without prejudice, under 28 U.S.C. § 1637(c). Dobrzeniecki may replead Count VI in state court. Civil case terminated.

                                                      ENTER:

                                                      */s/ James F. Holderman*

                                                      JAMES F. HOLDERMAN

Date:   February 19, 2015                      United States District Court Judge