IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN DOBRZENIECKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 11 C 7956 |
| HEIDI BROWN and ST. JAMES ) | |
| HOSPITAL, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

This matter is before the court on the respective bills of costs filed by defendants St. James Hospital ("St. James"), Dr. Heidi Brown ("Dr. Brown"), and Dr. Joseph Yates ("Dr. Yates"). (Dkt. Nos. 285, 286.) On May 6, 2015, Dr. Yates withdrew his claim for costs. (Dkt. No. 292.) For the reasons stated below, the requests set forth in the remaining defendants' bills of costs are denied in their entirety.

BACKGROUND

On November 8, 2011, Susan Dobrzeniecki ("Dobrzeniecki") and her now-deceased husband, Thomas Dobrzeniecki, Sr., filed this lawsuit against Sauk Village, Illinois and several of its police officers (collectively, the "Sauk Village Defendants"), St. James, two St. James security guards, and two St. James emergency room doctors: Drs. Yates and Brown (along with St. James, the "Medical Defendants"). (Dkt. No. 1.) On October 6, 2014, the court issued a Memorandum Opinion and Order (1) denying the Sauk Village Defendants' motion for summary judgment on Dobrzeniecki's § 1983 claims against them, (2) denying the Medical Defendants' motion for summary judgment on Dobrzeniecki's state law medical malpractice claim against

1

them, and (3) granting the Medical Defendants' motion for summary judgment on Dobrzeniecki's state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress.[1] (Dkt. No. 251.)

On January 22, 2015, after Magistrate Judge Gilbert and this court invested considerable time helping the parties resolve their protracted litigation, Dobrzeniecki and the Sauk Village Defendants reached a settlement on Dobrzeniecki's federal claims. (Dkt. No. 270.) The Medical Defendants did not participate in the settlement but benefitted nonetheless: following the resolution of Dobrzeniecki's federal claims, they moved to dismiss Dobrzeniecki's state law malpractice claim for "lack of supplemental jurisdiction." (Dkt. Nos. 274, 276.) Although the court did not "lack" supplemental jurisdiction—it is a matter of discretion under 28 U.S.C. § 1367(a)—the court relinquished jurisdiction over Dobrzeniecki's malpractice claim because significant expert discovery remained to be completed in the case, and because Illinois courts are highly experienced at addressing medical malpractice claims arising under Illinois law. (Dkt. No. 284.) The court therefore dismissed Dobrzeniecki's medical malpractice claim without prejudice to her ability to refile the claim in Illinois state court. (*Id.*)

On March 19, 2015, twenty-eight days after the court's order of dismissal, the Medical Defendants filed bills of costs seeking reimbursement of various costs and fees pursuant to Federal Rule of Civil Procedure 54, Local Rule 54.1, and 28 U.S.C. § 1920. (Dkt. Nos. 285, 286.) St. James seeks $6,536.17 for electronically ordered deposition transcripts and $57.21 for witness fees paid to Peter Dobrzeniecki, Susan Dobrzeniecki's son. (Dkt. No. 285.) Dr. Brown

---

[1] The court issued two additional written opinions between the filing of Dobrzeniecki's complaint and the court's ruling on summary judgment, including an opinion dismissing Dr. Yates from the case. (*See* Dkt. Nos. 60, 98.) Because Dr. Yates has withdrawn his claim for costs, however, a more detailed recitation of this case's procedural history is not necessary to address the instant claims for costs.

and Dr. Yates initially sought $10,329.67 for electronically ordered deposition transcripts and medical records. (Dkt. No. 286.) As stated earlier, Dr. Yates has since withdrawn his claim for costs, but Dr. Brown's claim remains pending for the full amount (Dr. Yates's motion to withdraw does not adjust the amount sought in Dr. Yates's and Dr. Brown's joint bill of costs). (*See* Dkt. No. 292.) Dobrzeniecki, not surprisingly, opposes the taxation of any costs in favor of the Medical Defendants. (Dkt. No. 289.)

ANALYSIS

Under Federal Rule of Civil Procedure 54(d), a prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). There is no superseding statute applicable to this case and, as such, the Medical Defendants are entitled to recover their costs if they were in fact a "prevailing party," within the meaning of Rule 54.

I. The Court's February 19, 2015 Order of Dismissal

The Medical Defendants first argue that they are entitled to costs as a "prevailing party" based on the court's decision not to exercise its supplemental jurisdiction over Dobrzeniecki's medical malpractice claim. This argument borders on the frivolous. To be a "prevailing party," a litigant must receive at least some relief on the merits that alters the legal relationship of the parties. *See Buckhannon Bd. & Care Home, Inc.* v. *West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603-06 (2001). The court dismissed Dobrzeniecki's malpractice claim solely on jurisdictional grounds and purely as a matter of discretion. The court's ruling had no effect on the legal relationship between Dobrzeniecki and the Medical Defendants; she is free to file suit, making identical allegations of medical malpractice, in Illinois court. The Medical

Defendants "prevailed" to the extent they have now been accorded their preferred court in which to litigate, Illinois, but such a minor "victory" is not enough to award costs under Rule 54. *See, e.g.*, *Catalina Marketing Intern., Inc.* v. *Coolsavings.com, Inc.*, No. 00 C 2447, 2004 WL 421739, at *2 (N.D. Ill. Feb. 5, 2004) (Darrah, J.) (dismissal for lack of personal jurisdiction does not make a party a "prevailing party"); *Lichtenheld* v. *Juniper Features, Ltd.*, 1996 WL 685443, at *2 (N.D. Ill. Nov. 21, 1996) (Coar, J.) (same).

In their reply briefs, the Medical Defendants' contend that Judge Leinenweber awarded costs in a nearly identical situation in *Bennett* v. *United Global Services, LLC*, 2014 WL 1322711 (N.D. Ill. Apr. 2, 2014). The Medical Defendants are incorrect. In *Bennett*, Judge Leinenweber awarded costs to the defendants after granting summary judgment in favor of the defendants on the federal claims and dismissing the remaining state law claims following his decision not to exercise supplemental jurisdiction. *Id.* at *1-2. That is not the case here. Unlike *Bennett*, the Medical Defendants did not win a judgment on any federal claim, nor did the court's summary judgment ruling create an opportunity for the court to decline supplemental jurisdiction. Dobrzeniecki's federal claims were brought only against the Sauk Village Defendants. Those federal claims were settled. That settlement of those federal claims, which did not involve the Medical Defendants, was the sole basis for dismissing the remaining state law claim against the Medical Defendants.

The same reasoning applies to the Medical Defendants' reliance on Seventh Circuit case law stating that a voluntary dismissal without prejudice renders the opposing party a "prevailing party" within the meaning of Rule 54. *See Gwin* v. *Am. River Transp. Co.*, 482 F.3d 969, 974-75 (7th Cir. 2007) (citing *First Commodity Traders, Inc.*, v. *Heinold Commodities, Inc.*, 766 F.3d 1007, 1015 (7th Cir. 1985)). In *Gwin*, the Seventh Circuit awarded costs to the defendant after

4

the plaintiff engaged in extensive discovery on various legal theories but submitted only a discrimination claim to the jury. *Id.* A party's abandonment of a claim, whether through a voluntary dismissal or last minute abandonment at trial, is materially different from the situation in this case. The abandonment of a claim after an opposing party has accrued costs recoverable under Rule 54 implies that the claim lacked merit, or at the very least that the defendant did *something* to cause the plaintiff to forego the claim. Here, Dobrzeniecki has not abandoned her claim—she is free to pursue it in state court—and the Medical Defendants did nothing to affect the dismissal other than stand aside while Dobrzeniecki engaged in settlement negotiations with the Sauk Village Defendants.

Accordingly, for the reasons explained above, Dobrzeniecki's malpractice claim against the Medical Defendants survives should she choose to pursue it in Illinois state court. This court's decision not to exercise its supplemental jurisdiction over the claim does not grant the Medical Defendants a "victory" entitling them to costs under Rule 54.

II.   The Court's October 6, 2014 Summary Judgment Ruling

Dr. Brown alternatively argues that she is entitled to costs as a result of the court's grant of summary judgment in her favor on "a clear majority of the counts against her."[2] (Dkt. No. 291 at 4.) Even though the court granted Dr. Brown summary judgment on Dobrzeniecki's two state law claims for emotional distress on October 6, 2014, (Dkt. No. 251), she is not be entitled to costs based on the that ruling. Dr. Brown prevailed on two of the three state law claims brought against her but she lost her bid to dispose of Dobrzeniecki's medical malpractice claim. And although Dr. Brown need not win on every claim to be awarded costs, she must prevail on a "substantial part of the litigation." *First Commodity Traders, Inc.*, 766 F.3d at 1015. In this case,

---

[2]   St. James seeks costs only on the basis of the court's February 19, 2015 dismissal.

as evidenced by the percentage of Dr. Brown's briefs (Dkt. Nos. 197, 202) and the court's opinion (Dkt. No. 251) devoted to the medical malpractice claim, it is clear that the malpractice claim was more than merely one-third of the case against Dr. Brown. It was the main claim and on its own constituted a "substantial part of the litigation."

Finally, even if the court were to find that Dr. Brown prevailed on a substantial part of the litigation, the court is unable to prorate Dr. Brown's submitted costs to account for her failure to prevail on Dobrzeniecki's medical malpractice claim. As far as the court can tell, Dr. Brown has submitted an invoice for every deposition transcript and medical record her counsel obtained throughout the litigation. Some of the transcripts and records—probably most of the transcripts and records—related to Dobrzeniecki's malpractice claim rather than her claims for emotional distress. Although the court is mindful of the Seventh Circuit's recognition that preparing a bill of costs occasionally imposes a burden so high that it negates any potential recovery, *see Northbrook Excess & Surplus Ins. Co.* v. *Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991), Dr. Brown must at least make some initial effort to limit her desired recovery to the costs associated with her (claimed) victory. She has not done so, and neither can the court given the limited information available to it.

Accordingly, the court rejects Dr. Brown's argument that she is entitled to costs based on the court's summary judgment ruling because she did not prevail on a substantial part of the litigation (yet), and because the court cannot identify the costs associated with the two state law claims on which Dr. Brown won summary judgment.

## CONCLUSION

For the reasons explained above, Dr. Yates's motion to withdraw his claim for costs [292] is granted, and the remaining defendants' bills of costs [285], [286], are denied. This case remains closed. Although Dobrzeniecki's medical malpractice claim against St. James and Dr.

6

Brown remains alive and well should Dobrzeniecki choose to refile her case in state court, the court encourages the parties to revisit their settlement negotiations before continuing what has already been a lengthy (and apparently expensive) litigation.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Court Judge

Date: May 8, 2015